# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JACOB POOCHIGIAN, | Case No.: 3:18-cv-00512-MMD-WGC |
| Plaintiff | **Order** |
| v. | Re: ECF No. 1-1, 3 |
| CONNIE STEINHEIMER, et. al., | |
| Defendants | |

Plaintiff, who is incarcerated within the Nevada Department of Corrections (NDOC), at Ely State Prison (ESP), filed a civil rights complaint, and subsequently an application to proceed in forma pauperis. (ECF Nos. 1-1, 3.)

A plaintiff filing a complaint in this court must either pay the filing fee or submit a completed in forma pauperis (IFP) application if he is unable to do so. 28 U.S.C. § 1915(a)(1); LSR 1-1.

If the plaintiff filing a complaint is an inmate and wishes to proceed IFP, he must also "submit a certificate from the institution certifying the amount of funds currently held in the applicant's trust account at the institution and the net deposits in the applicant's account for the six months prior to the date of submission of the application." LSR 1-2; *see also* 28 U.S.C. § 1915(a)(2). If the inmate has been at the institution for less than six months, "the certificate must show the account's activity for this shortened period." LSR 1-2.

If a prisoner brings a civil action IFP, the prisoner is still required to pay the full $350 filing fee. 28 U.S.C. § 1915(b)(1). The court will assess and collect (when funds exist) an initial partial filing fee that is calculated as 20 percent of the greater of the average monthly deposits or

the average monthly balance for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A)-(B). After the initial partial filing fee is paid, the prisoner is required to make monthly payments equal to 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency that has custody of the prisoner will forward payments from the prisoner's account to the court clerk each time the account exceeds $10 until the filing fees are paid. 28 U.S.C. § 1915(b)(2).

The regular filing fee is $400, consisting of the $350 filing fee and a $50 administrative fee. If an inmate does not qualify for IFP status, he must pay the full $400 filing fee. If the inmate qualifies for IFP status, the $50 administrative fee is waived, and the inmate will only pay the $350 filing fee over time.

Plaintiff submitted an IFP application, but not the required financial certificate. Plaintiff has 30 days to file the required financial certificate or pay the full $400 filing fee, or this action will be dismissed without prejudice.

Once Plaintiff has filed his completed IFP application or paid the filing fee, the court will screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) or 28 U.S.C. § 1915A, or both. Both require dismissal of a complaint, or any portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. If the complaint is dismissed on screening, there will be no refund of the filing fee, and an inmate proceeding IFP is still required to pay the $350 filing fee over time.

The court has undertaken a preliminary review of Plaintiff's complaint and finds it is likely that Plaintiff's civil rights complaint under section 1983 would be dismissed as he includes no factual allegations in his complaint to support his contention that his constitutional rights were violated.

42 U.S.C. § 1983 provides a mechanism for the private enforcement of substantive rights conferred by the Constitution and federal statutes. Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation marks and citation omitted). To state a claim under section 1983, a plaintiff must allege: (1) his or her civil rights were violated, (2) by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988). To adequately plead the section 1983 elements, a complaint must identify what constitutional right each defendant violated, and provide sufficient facts to plausibly support each violation. *See e.g., Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (noting defendants must personally participate in misconduct to be liable under section 1983). The "threshold inquiry in a § 1983 suit" requires courts "to 'identify the specific constitutional right' at issue." *Manuel v. City of Joliet*, 137 S.Ct. 911, 920 (2017) (citing *Albright*, 510 U.S. at 271). "After pinpointing that right, courts still must determine the elements of, and rules associated with, an action seeking damages for its violation." *Id*. (citing *Carey v. Piphus*, 435 U.S. 247, 257-58 (1978)).

Therefore, Plaintiff is also required to submit an amended complaint within 30 days of the date of this order. If an amended complaint is not filed within 30 days, this action will be dismissed. Plaintiff should keep several things in mind in drafting an amended complaint:

(1) Insofar as he takes issue with a State court conviction or sentence and the effect of a successful claim would necessarily imply the invalidity of his conviction or sentence, his action is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), unless and until the underlying conviction or sentence has been reversed on direct appeal, expunged, declared invalid, or called into question by a federal's court's issuance of a writ of habeas corpus.

(2) A prosecutor is protected by absolute immunity from liability for damages under section 1983 "when performing the traditional functions of an advocate." *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997) (citations omitted). Prosecutors are entitled to qualified immunity, rather than absolute immunity, when they perform administrative or investigative functions normally performed by a detective or police officer. *Imbler v. Pachtman,* 424 U.S. 409, 424 (1976); U.S. at 430-31; *Kalina v. Fletcher*, 522 U.S. 118, 125 (1997); *Genzler v. Longanbach*, 410 F.3d 630, 636 (9th Cir. 2005).

(3) Claims for ineffective assistance of counsel are not recognized under section 1983 because specific appellate and habeas statutes apply to such a claim instead. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004). Additionally, a public defender representing a client in the lawyer's traditional adversarial role is not a state actor for purposes of section 1983. *See Miranda v. Clark County*, 319 F.3d 465, 468 (9th Cir. 2003) (citation omitted).

(4) Judges are absolutely immune from suit for acts performed in relation to the judicial process. *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002) (citations omitted).

## **CONCLUSION**

(1) Plaintiff has **30 days** from the date of this Order to file the required financial certificate or pay the full $400 filing fee, or this action will be dismissed without prejudice. The Clerk shall **SEND** Plaintiff the instructions and forms for an inmate for proceeding IFP.

(2) Plaintiff must also file an amended complaint within **30 days** of the date of this Order, keeping in mind the parameters set forth above. If Plaintiff fails to file an amended complaint, this action will be dismissed without prejudice. The amended complaint must be complete in and of itself without referring or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the

amended complaint will no longer be before the court. Plaintiff shall clearly title the amended pleading as "AMENDED COMPLAINT."

**IT IS SO ORDERED**.

Dated: December 5, 2019

_____
William G. Cobb
United States Magistrate Judge